UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MONTROE WINSTEAD,

    Plaintiff,

v.                                          Case No. 1:05-cv-430
                                          HON. GORDON J. QUIST

EATON COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Aaron Montroe Winstead, an inmate currently confined at the Charles Egeler Reception and Guidance Center Annex, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Eaton County Sheriff's Department, Unknown Party "Jay," Deputy Sergeant Katy, Deputy Seargeant Prouton, Deputy Sergeant Litol, Deputy Smith, Deputy Morehouse, Deputy Hanes and Deputy Kane, all employees of the Eaton County Sheriff's Department.

        Plaintiff's complaint alleges that on November 3, 2004, he was discharged from the Kalamazoo Psychiatric Hospital and placed on a court order to take Seroquel and Prozac for one year. Plaintiff "was found not guilty by reason of insanity" on February 14, 2003. Plaintiff was arrested on January 28, 2005, and housed at the Eaton County Jail. Plaintiff alleges that he was told that he "did not need his medication, because they knew I was playing the system." Plaintiff alleges that on March 22, 2005, he was seen by D. Taylor who "sent him back to jail with a form to put me on my medication Seroquel and that I had suicide plans and ideas." Plaintiff claims that he tried three times to commit suicide and that he hears voices. On March 28, 2005, plaintiff hanged himself,

because he was ignored by the jail and told that he was playing the system. Plaintiff was cut down and taken to a hospital. Plaintiff alleges that he was hearing voices. They told him that no one loves him and that no one would send him mail when he came back from the hospital. Plaintiff requests a temporary restraining order enjoining defendants from taking retaliatory action and ordering compensatory damages of $250,000.00 and punitive damages of $250,000.00.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Since plaintiff presents matters outside the pleadings for consideration, plaintiffs' motion shall be treated as a summary judgment motion. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is

sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement applies equally to inmates and pretrial detainees housed in county jails. *Spencer v. Bouchard*, ___ F.3d ___, 2006 WL 1528876 (6th Cir., June 6, 2006). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the administrative process. *See Porter*, 122 S. Ct. at 988; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The Eaton County Jail provides for a four step grievance process. Plaintiff has failed to show that he grieved the issues presented in this complaint against the specific defendants named. Accordingly, in the opinion of the undersigned, the complaint should be dismissed without prejudice.

Alternatively, defendants are entitled to dismissal with prejudice. Plaintiff has named the Eaton County Sheriff's Department. The Sheriff's Department is not an entity capable of being

sued in its own right. *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)). Accordingly, it is recommended that the Eaton County Sheriff's Department be dismissed.

Similarly, plaintiff's complaint fails to state any allegations against the named defendants. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984). Plaintiff has failed to show how the defendants were involved in the alleged deprivation of his rights. However, it is recognized, based upon the pleadings filed by the parties, that defendant unknown Jay is probably Jail Psychologist Jay Vanderderclok. However, plaintiff has not asserted any allegations in his complaint against defendant Jay.

Plaintiff alleges that after he was confined in the Eaton County Jail, the psychologist at the jail refused to prescribe plaintiff a medication that plaintiff believed he needed for his mental illness. As a result, plaintiff complains that he attempted suicide. The Supreme Court has held that deliberate indifference to a prisoner's serious illness or injury states a violation of the Eighth Amendment's "cruel and unusual punishments" clause because it constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, not every claim by an inmate of inadequate medical treatment rises to the level of an Eighth Amendment violation.

The standard by which such claims are judged involves two elements: the plaintiff's medical need must be "serious," and the plaintiff must show that the defendants were "deliberately indifferent" to that need. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1 (1992); *see also Wilson v. Seiter*, 501 U.S. 294 (1991).

"Deliberate indifference" requires an intentional effort to deny or ignore Plaintiff's need for medical care. *Estelle*, 429 U.S. at 105; *see also*, *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Harding v. Kuhlmann*, 588 F. Supp. 1315 (S.D. N.Y. 1984), *aff'd*, 762 F.2d 990 (2d Cir. 1985). Thus injury resulting from mere negligent conduct is insufficient to state an Eighth Amendment claim under Section 1983. *Estelle* 429 U.S. at 105; *see also Daniels v. Williams*, 474 U.S. 327, 333 (1986). Rather, the official's conduct "must demonstrate deliberateness tantamount to an intent to punish." *Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993).

Complaints that the doctor did not prescribe a specific medication or should have ordered specific tests or negligently failed to provide adequate medical care may state a claim for malpractice under state law but do not state a claim that an inmate's federal rights have been violated. *See*, *Williams v. Duckworth*, 598 F. Supp. 9, 13-15 (N.D. Ind. 1983), *aff'd without opinion*, 749 F.2d 34 (7th Cir. 1984). In *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), cited in *Estelle*, the Sixth Circuit remarked:

> Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id*. at 860, n. 5.

> In addition, the Sixth Circuit recently observed:
>
> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. at 105-06).

Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-155 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. April 4, 1997).

As the court in *Estelle v. Gamble* explained, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Id*. at 106. When plaintiff arrived at the jail he was seen by Jail Psychologist Jay Vanderderclok. Plaintiff reported that he was released from the Kalamazoo Regional Psychiatric Hospital several months earlier and was on a treatment plan which he had violated. Plaintiff reported that he stopped taking his medications after his release from the hospital. Plaintiff did not present psychotic symptoms, but was depressed as a result from being back in jail. It was noted that the psychologist would check to determine whether Prozac and Seroquel should be resumed for plaintiff. Plaintiff saw the jail psychologist on February 1, 2005.

He was prescribed Prozac for depression. Plaintiff apparently requested a prescription for Seroquel. Plaintiff's request was denied, because the psychologist saw no evidence of psychosis. Plaintiff reported on March 4, 2005, that he stopped taking the Prozac. Plaintiff was awaiting a forensic examination. At the examination, plaintiff again apparently requested to be given a prescription for Seroquel. However, it was not prescribed or recommended. Plaintiff returned to the Eaton County Jail on March 24, 2005. Plaintiff attempted suicide on March 27, 2005. Plaintiff has completely failed to show any relationship between his belief that he should be prescribed Seroquel with his suicide attempt. Plaintiff was examined by the jail psychologist. Plaintiff disagrees with the jail psychologist's treatment. Plaintiff's disagreement is insufficient to support an Eighth Amendment claim.

Moreover, defendant would be entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations

- 7 -

by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999). Plaintiff has failed to show that defendants violated his constitutional rights.

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to defendants' motion for summary judgment. Accordingly, it is recommended that defendants' Motion for Summary Judgment (Docket #22) be granted and this case be dismissed without prejudice for failure to show exhaustion of grievance remedies. Alternatively, if the court concludes that plaintiff did exhaust his grievance remedies, the case should be dismissed with prejudice, because plaintiff cannot defeat summary judgment. Additionally, it is recommended that plaintiff's motion for judgment on the pleadings (Docket #33), motion for summary judgment (Docket #31), and motions for oral argument (Docket ##38, 39) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 20, 2006